FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

2015 JUL 13  PM 1: 33

CLERK'S OFFICE
AT GREENBELT

BY___*Kw*___DEPUTY

| | | |
|---|---|---|
| DERWIN BELL, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 8-15-cv01621-TDC |
| JAMES CLARKE, et al., | * | Removed from the Circuit Court for Charles County, Maryland |
| Defendants. | * | Case No. 08-C-15-001121 |

\*          \*          \*          \*          \*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COMES NOW, Plaintiff, Derwin Bell and files this Memorandum of Law in Support of Plaintiff's Motion for Extension of Time to File Opposition to Defendants' Motion to Dismiss and in support, states as follows:

### I.      BACKGROUND

Plaintiff filed the instant complaint on April 30, 2015 in the Circuit Court of Charles County, Maryland.

On June 3, 2015 Defendant Ocwen Loan Servicing LLC filed its Notice of Removal from the Circuit Court for Charles County, Maryland.

On June 10, 2015 Defendants filed their Motion to Dismiss.  On June 12, 2015, the Clerk of this Court sent a letter to Plaintiff informing him that his response to the Motion to Dismiss was due on June 29, 2015.

To date, Plaintiff has never been served the Motion to Dismiss by Defendants. Plaintiff was alarmed that the deadline had passed for his response to a motion he had never received.

Plaintiff traveled to the District Court on July 10, 2015 in order to retrieve a copy of the Motion to Dismiss to prepare his response.

## II.   ARGUMENT

Fed. Rule Civ. P. Rule 6(b)(1)(B) allows the Court to extend the time to respond to the Motion to Dismiss "on motion made after the time has expired if the party failed to act because of excusable neglect."

To determine whether the neglect to file the Opposition to the Motion to Dismiss on time is excusable, the Court must take into account "all relevant circumstances surrounding the party's omission." *See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'Ship*, 507 U.S. 380, 395 (1993). Relevant circumstances include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay . . . and whether the movant acted in good faith. *Id.*

In this case, Plaintiff's request for an extension of time to July 20, 2015 would delay his response by only three weeks and would cause no undue prejudice to Defendants. The impact on the judicial proceedings would be minimal as the case was just removed to this Court on June 3, 2015. The delay was caused by the fact Plaintiff has never been served with the Motion to Dismiss. Plaintiff personally retrieved the document from the Clerk's office on July 10 2015. Plaintiff is acting in good faith by filing this motion at the first available opportunity after reviewing Defendants' Motion to Dismiss. Plaintiff respectfully submits that these reasons show that Plaintiff's failure to act was due to excusable neglect.

WHEREFORE, Plaintiff moves this Court to grant Plaintiff's request for an extension of time to July 20, 2015 to file his Opposition to Defendants' Motion to Dismiss and for such further relief as the Court deems just and appropriate.

July 13, 2015

Respectfully submitted,

Derwin Bell